John Allen KENDRICK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant
in Error.

No. A–13442.

Court of Criminal Appeals of Oklahoma.

June 24, 1964.

Andrew L. Hamilton, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

This is an appeal from the Court of Common Pleas of Oklahoma County, perfected by John Allen Kendrick, from a Judgment and Sentence pronounced against him in accordance with the Jury's verdict finding him guilty of Operating a Motor Vehicle While Under The Influence of Intoxicating Liquor; fixing his punishment at imprisonment in the County Jail for a term of Ten (10) Days and assessing a fine of $10.00 and costs.

While there are several assignments of error urged on appeal it will only be necessary to consider defendant's Assignment No. 1.

> "The trial court erred in permitting the Assistant County Attorney during closing argument, to comment on excluded evidence, thereby denying the defendant his constitutional right of a fair and impartial trial."

Briefly, the facts that give rise to this assignment are, that; on the evening of December 1, 1962, the defendant herein was arrested by Officer Robert Gallamore, and taken to the Oklahoma City Police Department where certain motion pictures were taken of said defendant's performance, (of a sobriety test).

During the cross examination of Officer Robert Gallamore, defendant's counsel, Andrew Hamilton, elicited from Officer Gallamore, information that certain motion pictures were taken of the accused. The State did not offer the motion pictures as a part of its case in chief, but when they sought to introduce them in rebuttal the defendant objected and the Court sustained the objection, refusing to admit them. Thereafter, during the opening portion of the closing argument the following proceedings were had:

> "MR. WALKER: We have a case pending in the Criminal Court of Appeals today on motion pictures.
>
> "MR. HAMILTON: Comes now the defendant and again objects to the statements made by the prosecuting attorney for the reason that the Judge

has excluded the motion pictures and any comments made thereon are highly prejudicial and detrimental to this defendant, and moves for a mistrial.

> "THE COURT: Overruled and allow exception.
>
> "MR. WALKER: We have a case pending. We do not intend to use them until that case is decided and he knows it. He brought it up after I had rested, which gives me no opportunity, other than in the closing argument, to mention and talk to you about it. Now those motion pictures, he knew about them. You heard him talk about them. And, let me tell you, ladies and gentlemen, they are evidence and he has a right to bring them into court as much as I do. And, if he was concerned about them he could have subpoenaed them. He could have shown them to you. But what does he do? He brings them up after I had rested my case. He mentions them and then he tries to throw a legal smoke screen before you today. Now let him tell you why, if he knows; they are there. *And let him tell you why, if he believes his client, he didn't bring them into court."* Casemade pages 129 & 130.

Counsel for defendant argues that the closing argument of the Assistant County Attorney, as above set forth, was improper for the reason that it referred to evidence excluded by the Court. Counsel points out that the verdict of the Jury was not a unanimous one and that the Jury imposed the minimum punishment. On the other hand the State contends that, conceding the argument of the Assistant County Attorney to be improper, it was not so prejudicial in the light of the entire record as to require reversal.

We are of the opinion that when, as in the instant case, the evidence on behalf of the State and Defense is in sharp conflict, the verdict of the Jury is not unanimous, the minimum punishment is imposed and the prejudicial remarks of the prosecuting attorney, commenting on matters not in

evidence, might well have influenced the Jury to arrive at a verdict of guilty, the case should be reversed and remanded for a new trial; as it has been repeatedly held that:

"Counsel for the State is entitled to have a wide range of discussion and illustration in his argument, but where he makes a statement outside of the record, the strength of the evidence against defendant will be considered and, *if the improper argument may have been a factor in determining the verdict of guilty,* a new trial will be ordered; or, if an excessive punishment seems to have been given, by reason of such argument, a modification of the sentence will be made." Hamilton v. State, *79 Okl.Cr. 124, 152 P.2d 291.*

For the reason set forth above, this cause should be and the same is hereby reversed and remanded for a new trial.

Reversed and remanded.

JOHNSON, P. J., and NIX, J., concur.